## Appeal of L. D. Shoemaker *et al.*

1. A tenant for life when not expressly precluded may not only work open mines, but may work them to exhaustion.

2. A testatrix by her will devised land to a trustee for the use and benefit of her grandson for life and gave her trustee power to lease the land "for coal mining purposes." The trustee leased "all the coal and veins or strata of coal in, under and upon" the land referred to "for such term as may be necessary and required to mine and remove all the workable coal in and under said lands" for a specified annual rent or royalty.

    *Held*, that the rent or royalty paid to the trustee under this lease was income of the trust estate and payable as such to the testatrix's grandson as tenant for life.

April 18, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the decree of the Orphans' Court of *Luzerne County*, in the matter of the estate of Nancy S. Drake, deceased: Of January Term, 1884, No. 382.

This case arose upon the petition of Willie Drake Loomis for a citation to L. D. Shoemaker, trustee under the will of said Nancy S. Drake, deceased, and George K. Powell, guardian of the minor children of the petitioner, to show cause why certain coal rents received by L. D. Shoemaker as said trustee, should not be paid to the petitioner. The facts as they appeared from the petition and the answer of Shoemaker and Powell were as follows: Nancy S. Drake died on January 11, 1872, leaving a last will and codicil thereto dated January 13, 1865, and December 2, 1868, respectively, by which she gave and devised all her residuary estate to a trustee to be appointed by the proper court, in trust to apply the annual income and proceeds thereof for the support of her grandson, Willie Drake Loomis, until he should attain the age of twenty-two years, and upon his arrival at said age to pay over to him the net annual income and proceeds of any accumulations

thereof during his natural life and upon his death to pay, transfer and convey the said estate to the children of the said Willie Drake Loomis, with remainders over in default of children living at his death. Of this will, L. D. Shoemaker was duly appointed trustee by the Orphans' Court of Luzerne county. The testatrix died seised inter alia of a farm of 100 acres of land in Newport township as to which she directed : " I order and direct that my farm of 100 acres in Newport township and likewise the place where I now live on Main street, shall under no circumstances be sold during the life of my said grandson, Willie Drake Loomis, but my trustees may if they deem it proper lease the Newport farm for coal mining purposes." Shoemaker, acting as said trustee, on October 19, 1881, " granted, leased and to mine let " to the Alden Coal Company " all the coal and vein or strata of coal in, under and upon all these two certain tracts or pieces of land " referred to by the testatrix as her "Newport farm," for such term " as may be necessary and required to mine and remove all the workable coal in and under said lands," under and according to the terms and provisions of the lease, reserving a fixed rent or royalty for specified quantities of coal to be mined in each year.

Willie Drake Loomis, the petitioner, attained the age of twenty-two in August, 1865, and at the date of his petition had two minor children whose guardian was George K. Powell, one of the respondents. It appeared that Shoemaker as trustee had received as rent under this lease the sum of $375 which he refused to pay over to the petitioner on the ground that it constituted either a part of the corpus or principal of the estate of Nancy S. Drake or the accumulation of income, to the annual income or proceeds of which only would the petitioner be entitled under the said will.

After hearing on petition and answer the Orphans' Court ordered and decreed that the respondent account and pay over to the petitioner the amount admitted by his answer to be in his hands, to wit, the sum of three hundred and seventy-five dollars: Whereupon the respondents, L. D. Shoemaker, trustee, and George K. Powell, guardian aforesaid, took this appeal, assigning for error the entry of this decree by the court.

*George K. Powell*, for the appellants.—The lease of the exclusive right to mine and remove all the minerals in land without limitation as to quantity or time is a sale of the mineral in place, and therefore a sale of a part of the land : Caldwell *v.* Fulton, 7 Casey, 475; Harlan *v.* Lehigh Coal Co.,

11 Casey, 287; Stoughton's Appeal, 7 Norris, 198; Scranton *v.* Phillips, 13 Norris, 22.

*J. V. Darling*, (with whom were *George B. Kulp* and *E. P. Darling*), for the appellee.—The authority of the trustee to execute the lease in the form in which it appears, cannot be questioned. He is specifically empowered to lease the "Newport Farm" property "for coal mining purposes." This is not a mere power to lease land, which might not cover a lease of coal: Stoughton's Appeal, 7 Nor., 198. Here the testatrix contemplates an exhaustion of the coal by means of mining operations conducted under a lease, and directly authorizes a lease for that purpose. The rent or royalty paid under such a lease is income: Eley's Appeal, 7 Out., 300. The will, moreover, contains a trust for accumulation, which has always been regarded as one of the most certain *indicii* of intention: Eley's Appeal, *supra*. Especially does this rule apply here, where the trust is expressly limited to endure for the minority of the cestui que trust. The rents of a coal mine have always been considered as income and belong to the tenant for life: Stoughton *v.* Leigh, 1 Taunton, 410; Neel *v.* Neel, 7 Harris, 323; Irwin *v.* Covode, 12 Harris, 162; Griffin *v.* Fellows, 32 P. F. S., 114; Westmoreland Coal Co.'s Appeal, 4 Norris, 344.

Chief Justice MERCUR delivered the opinion of the court, May 12, 1884.

A tenant for life, when not precluded by restraining words, may not only work open mines, but may work them to exhaustion. Westmoreland Coal Company's Appeal, 4 Norris, 344, and cases there cited. The will of the testatrix, which we are called upon to construe, expressly authorized the trustees therein named if they deemed it proper, to "lease the Newport farm for coal mining purposes." In the exercise of that discretion the trustees did lease and are receiving the rents, income and profits therefrom. The testatrix devised to the trustees "all the rest, residue and remainder of her estate, real, personal and mixed," which included the Newport farm, in trust for "the use, property and benefit" of her grandson. The trustees to apply "the annual income and proceeds thereof" to his support, maintenance and advancement until he should arrive at the age of twenty-two years, and thereafter to pay over to him "the annual income and proceeds of any accumulations thereof yearly during his natural life," remainder over. We think the authority to lease the land for coal mining purposes, indicates very clearly an intent of the testatrix to make the proceeds a part of the annual income to

[Davis *v.* Michener.]

be paid over to her grandson as the life tenant. It follows the court was correct in the conclusion at which it arrived. The assignments are not sustained.

> Decree affirmed and appeal dismissed at the costs of the appellants, to be paid out of trust funds.